IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD DARREN FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-1316-HE |
| ) | |
| H. A. LEDEZMA, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 attacking the execution of his sentence. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Respondent has filed a response, and Petitioner's time to reply has lapsed. Thus, the matter is at issue. For the following reasons, it is recommended that the petition be dismissed as moot.

**I.    BACKGROUND**

By this action Petitioner challenges the Bureau of Prisons' failure to credit his federal sentence with time he spent in state custody. Petition, p. 4. Specifically, on May 19, 2004, Petitioner was arrested in Muskogee County on a state charge of felony possession of a firearm after conviction or during probation. District Court of Muskogee County Case No. CF-2004-405, Docket.[1]  He posted bond the following day and was

---

[1] Respondent has provided the dates for several relevant state court events, but has not attached any documentation to support the dates used. The undersigned has tried to verify the accuracy of Respondent's dates by taking judicial notice of state court records available on the Internet, but has not been able to verify the correctness of some of the relevant dates. Nevertheless, Petitioner has not contested the correctness of Respondent's dates, so they are taken as the correct, actual dates of the relevant events where they not contradicted by state court records.

released. Id.  Petitioner was subsequently re-arrested on June 15, 2004, and charged in state court with felony manufacture of a controlled dangerous substance and felony child endangerment by permitting abuse. District Court of Muskogee County Case No. CF-2004-472C, Docket.[2]

One month later, Petitioner was indicted in the United States District Court for the Eastern District of Oklahoma on a felony charge of being a felon in possession of a firearm affecting commerce. United States District Court for the Eastern District of Oklahoma, Case No. 6:04-CR-088-RAW-1, Docket. Petitioner was transferred from the Muskogee County Jail to federal officials' custody on a writ of habeas corpus ad prosequendum on July 19, 2004. Petitioner remained in the physical custody of federal officials until November 10, 2004, when he was sentenced to an 87-month term of imprisonment. See id.; Response, Attach. 2. Thereafter, he was returned to the Muskogee County Jail where he pled guilty to various pending state charges and was sentenced on January 6, 2005, to a seven-year term of imprisonment to run concurrently with his federal sentence. District Court of Muskogee County Case Nos. CF-2004-200A, CF-2004-472C, CF-2004-500, Dockets.[3]

---

[2] State court records also show the pendency of possession of a stolen vehicle and possession of a controlled dangerous substance charges in the McIntosh County District Court, and pending charges of attempted manufacture of a controlled dangerous substance, unlawful use of a police radio, and possession of a firearm after conviction or during probation, at the time of the foregoing events. District Court of McIntosh County Case No. CF-2003-230, Docket; District Court of Muskogee County Case No. CF-2004-200A, Docket. Around the time of Petitioner's aforementioned June 2004 arrest, he was also charged with assault and battery upon a police officer, possession of a controlled dangerous substance, and unlawful possession of drug paraphernalia. District Court of Muskogee County Case No. CF-2004-500, Docket.

[3] Subsequently, on June 29, 2005, Petitioner plead guilty to the McIntosh County charges as well and received a sentence to run concurrently with his federal sentence. District Court of McIntosh County Case No. CF-2003-230, Docket.

However, the District Court of Muskogee County subsequently amended its judgment and sentence and, according to Respondent, suspended Petitioner's state sentences. See id.; Response, p. 3. Petitioner was then remanded to the custody of the United States and arrived on October 7, 2005, at FCI El-Reno, where he is serving his federal sentence.[4] See Response, Attach 1, p. 2.

As his sole claim of relief, Petitioner seeks pre-sentence credit on his federal sentence for time spent in state custody, and post-sentence credit for time spent serving his state sentences which where to run concurrently with his federal sentence. Petition, p. 4.

According to Respondent, after Petitioner filed the petition, Bureau of Prisons staff at the Designation and Sentence Computation Center reviewed the computation of Petitioner's sentence. Response, p. 3. Respondent represents that as a result of this sentence audit, Petitioner has been given 481 days of prior custody credit for May 19, 2004, through May 20, 2004, and from June 15, 2004, through October 6, 2005, to account for the time Petitioner spent in state custody before he was turned over to the Bureau of Prisons. Id. at 4. Therefore, Respondent contends, Petitioner has been given all the relief requested in the petition, and it should be dismissed as moot for lack of subject matter jurisdiction. Id. at 5. Petitioner has not replied.

---

[4] The District Court of McIntosh County also amended its judgment and sentence and noted that Petitioner had been released to the custody of the United States. District Court of McIntosh County Case No. CF-2003-230, Docket.

## II.    DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal district courts to adjudicating actual "cases" and "controversies."  U.S. Const. art. III, § 2; <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-60 (1992).  For the federal courts to retain jurisdiction over an action, "an actual controversy must be extant at all stages of review." <u>Utah Animal Rights Coalition v. Salt Lake City Corp.</u>, 371 F.3d 1248, 1256 (10th Cir. 2004) (quoting <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997)).  "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome . . . The crucial question is whether 'granting a present determination of the issues offered . . . will have some effect in the real world.'" <u>Id.</u> (quotations and citations omitted). Like other federal actions, "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution."  <u>Aragon v. Shanks</u>, 144 F.3d 690, 691 (10th Cir. 1998).

18 U.S.C. § 3585(b) requires a defendant to be given credit "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  <u>See</u> <u>also</u> <u>Weekes v. Fleming</u>, 301 F.3d 1175, 1178 (10th Cir. 2002).  Furthermore, a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).

The case or controversy presented in the petition appears to have been rendered moot by the Federal Bureau of Prisons' award of sentence credit to Petitioner for the

4

periods covering May 19 to 20, 2004, and June 15, 2004, through October 6, 2005. In support of the argument that the petition is moot, Respondent provided a Sentence Monitoring Computation Data summary, current as of January 8, 2008, and updated on January 7, 2008, after the petition was filed. Response, Attach. 1, pp. 1-2. This summary shows October 7, 2005, as the date upon which the sentence computation began, and reflects an earliest offense date of May 19, 2004. Id. at Attach, p. 2. Significantly, the computation summary shows an award of 481 days of jail credit from May 19, 2004, through May 20, 2004, and from June 15, 2004, through October 6, 2005. Id. The computation summary also notes Petitioner "completed" his state sentences on October 7, 2005, and that state sentences were all suspended in October 2005. Further, the computation notes indicate Petitioner has been awarded credit on his federal sentence for all time spent in state custody from May 19, 2004, through October 6, 2005. Id.

Petitioner has not been specific concerning the exact dates and time periods for which he believes he should be awarded credit on his federal sentence. However, he does demarcate June 17, 2004, as the date on which he was arrested, and he indicates he should be given credit for all his pre-sentence time and time spent in state custody. Petition, p. 4. He thus appears to be seeking sentence credits, at most, for the time period covering June 17, 2004, through October 6, 2005. As Respondent contends, Petitioner has been awarded credit on his federal sentence for the time covering June 15, 2004, the actual date of Petitioner's arrest, as opposed to June 17, 2004, as requested in the Petition. Response, Attach. 1, p. 2. Further, Respondent additionally awarded Petitioner credit for the day he spent in jail from May 19, 2004, through May 20, 2004, pursuant to his arrest

5

for possession of a firearm after conviction or during probation, the same crime for which he was federally prosecuted. Id. Furthermore, Respondent has awarded Petitioner credit for the time during which he was held in federal authorities' physical custody during the pendency of the federal prosecution, and the time spent in state custody from November 10, 2004, when he was sentenced on the federal charge, through October 6, 2005, when he was officially turned over to the Bureau of Prisons. Id. Respondent has credited Petitioner's federal sentence with all of the time requested in the petition. Accordingly, the Court could not award any relief more favorable than what the Bureau of Prisons has already provided to Petitioner.[5] Thus, there does not appear to be any live case or controversy pending before the court; the petition is moot and should be dismissed for lack of jurisdiction. See, e.g., United States v. Seminole Nation of Okla., 321 F.3d 939, 943 (10th Cir. 2002) ("Once [an actual] controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter.").

## RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus [Doc. No. 1] be **DISMISSED** as moot. Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by April 24, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v.

---

[5] This highlights the utility in exhausting administrative remedies, which Petitioner does not appear to have done, prior to turning to the federal courts for relief. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) (analyzing exhaustion requirement in challenge to the computation of an inmate's release date).

United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 4th day of April, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE